[Cite as *Lang v. Beachwood Pointe Care Ctr.*, 2014-Ohio-1238.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100109**

---

# DANIEL P. LANG, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY L. STEVENS (DECEASED)

PLAINTIFF-APPELLEE

vs.

# BEACHWOOD POINTE CARE CENTER, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803569

**BEFORE:** Stewart, J., Blackmon, P.J., and McCormack, J.
**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEYS FOR APPELLANTS**

Susan M. Audey
Ernest W. Auciello, Jr.
Jane F. Warner
Tucker Ellis L.L.P.
950 Main Avenue, Suite 1100
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Blake A. Dickson
Mark D. Tolles, II
Jacqueline M. Mathews
The Dickson Firm, L.L.C.
Enterprise Place, Suite 420
3401 Enterprise Parkway
Beachwood, OH    44122

MELODY J. STEWART, J.:

{¶1} When decedent Mary Stevens was admitted to defendant-appellant Beachwood Pointe Care Center for nursing care, her stepdaughter signed the admission paperwork as Stevens's "representative." Among the papers signed by the stepdaughter was an agreement to arbitrate all disputes between Stevens and Beachwood Pointe. Stevens later died from injuries she suffered while a resident at Beachwood Pointe — injuries that her estate, through its representative Daniel Lang, alleged were caused by Beachwood Pointe's negligence. Beachwood Pointe filed a motion to stay proceedings and refer the matter to arbitration. It is undisputed that Stevens did not sign any paperwork nor is it disputed that the stepdaughter did not have a power of attorney to make decisions for Stevens. Beachwood Pointe argued that the stepdaughter had apparent authority to bind Stevens to arbitration. The court disagreed and its refusal to stay the proceedings and order arbitration is the sole issue on appeal. We find no error and affirm.

{¶2} The general legal proposition applicable to this appeal is that arbitration is a matter of contract and a party cannot be forced to arbitrate that which the party has not agreed to arbitrate. *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). When the parties dispute whether an agreement to arbitrate exists, that dispute presents a mixed question of fact and law — the courts determine whether a contract to arbitrate exists as a matter of fact,

*Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995), but once an agreement to arbitrate is found to exist, the terms of that agreement are construed as a matter of law. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus.

{¶3} Stevens did not sign any paperwork when admitted to Beachwood Pointe, so she did not expressly agree to arbitration. Nor did Stevens expressly appoint the stepdaughter as her agent to sign the admission papers in her stead. Beachwood Pointe argues that the stepdaughter had apparent authority to sign documents because it believed in good faith that the stepdaughter had the necessary authority to bind Stevens.

{¶4} In the absence of direct authorization to act on behalf of another, principles of agency law state that an agent may act on behalf of a principal when the agent has apparent authority to do so. An agent's authority to act always flows from the principal, so it is the acts of the principal, not the agent, that determine whether apparent authority had been given. *Ohio State Bar Assn. v. Martin*, 118 Ohio St.3d 119, 2008-Ohio-1809, 886 N.E.2d 827, ¶ 41. Apparent authority for an agent's act will be found when (1) the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted the agent to act as having such authority, and (2) the person dealing with the agent knew of those facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority. *Master Consol. Corp. v. BancOhio Natl. Bank*, 61 Ohio St.3d 570, 575 N.E.2d

817 (1991), syllabus. This test is set forth in the conjunctive, so the failure to establish both parts of the test is fatal to a claim that an agent acted with apparent authority.

{¶5} As to the first part of the apparent authority test, there was no evidence that Stevens caused, allowed, or held her stepdaughter out to the public as possessing sufficient authority to bind her to arbitrate any disputes with Beachwood Pointe. Beachwood Pointe concedes that Stevens had not granted anyone a power of attorney either before or at the time of her admission. Stevens did execute a power of attorney, but not until after all of the admission documentation, including the contested arbitration agreement, had been signed by the stepdaughter. There is simply no evidence of any kind that Stevens held the stepdaughter out at the time as having sufficient authority to sign the admission papers and agree to binding arbitration. On this basis alone, the court did not err by finding that the stepdaughter lacked apparent authority to bind Stevens to arbitrate any disputes with Beachwood Pointe.

{¶6} Beachwood Pointe argues that the stepdaughter signed other documents without Stevens challenging her authority to do so; notably, authorizations on a PASSPORT form to release to Beachwood Pointe Stevens's private medical information. Even if Stevens knew that her stepdaughter would sign necessary admission papers, medical authorizations, and applications for federal benefits, there is no evidence that Stevens's agreement to arbitrate disputes was a necessary precondition for admission to Beachwood Pointe. Nor was the arbitration agreement one that Stevens, or anyone else in her place, might reasonably expect to be a part of the admission process. So Stevens

could not give her stepdaughter authority to bind her to an arbitration clause that she knew nothing about. *See Licata v. GGNSC Malden Dexter LLC*, 466 Mass. 793, 802, 2 N.E.3d 840 (2014).

{¶7} As for the second part of the apparent authority test, we find no evidence to prove that Beachwood Pointe had reason to believe that the stepdaughter possessed the necessary authority to bind Stevens to arbitrate all disputes. The stepdaughter claimed that on more than one occasion she told Beachwood Pointe that she had no authority to sign the papers that contained the arbitration clause. She claimed that Beachwood Pointe told her it needed her to sign the papers for "general purposes." Beachwood Pointe disagreed — its admission's director stated in an affidavit that she asked the stepdaughter to sign the papers because the stepdaughter "appeared to have decision making authority for Mary Stevens."

{¶8} The resolution of this factual conflict as to what Beachwood Pointe believed concerning Stevens's delegation of authority to the stepdaughter rests on Beachwood Pointe's acknowledgment that Stevens appeared to lack the mental capacity necessary to delegate authority to the stepdaughter. The admission director's affidavit stated that at the time of admission, Stevens was "sometimes forgetful and questions remained about her ability to understand and remember the information contained in the Admission Agreement and Arbitration Agreements or my explanations thereof."

{¶9} Beachwood Pointe knew that Stevens had not given a power of attorney to the stepdaughter prior to admission. It also conceded that Stevens lacked the ability to

understand the admission procedure, much less that she was being asked to arbitrate any disputes that might arise between her and Beachwood Pointe. This being so, we fail to see why Beachwood Pointe would think that Stevens was nonetheless competent to authorize the stepdaughter to act for her, particularly when Stevens did nothing affirmative from Beachwood Pointe's perspective to give the stepdaughter authority to act for her. If Stevens could not understand the admission papers because of a mental incapacity, it is difficult to comprehend how Beachwood Pointe can argue that she nonetheless had the mental capacity to appoint the stepdaughter to sign that which she did not understand. *See Diversicare Leasing Corp. v. Cooper*, W.D.Ark. No. 6:12-cv-6055, 2013 U.S. Dist. LEXIS 59989 (Apr. 26, 2013). And to the extent that Stevens's acquiescence to some of the stepdaughter's actions might be viewed as passive assent to the stepdaughter's authority, we agree with the Supreme Judicial Court of Massachusetts, which recently disagreed with the proposition that "a patient may through silence alone consent to actions of which the patient lacks knowledge * * *." *Licata*, 466 Mass. at fn. 6, 2 N.E.3d 840.

{¶10} The court did not err by finding the arbitration agreement was not binding on Stevens.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR