[Cite as *Scott v. Kindred Transitional Care & Rehab.*, 2016-Ohio-495.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103256**

## JOYCE THRASHER SCOTT, ADMINISTRATOR

PLAINTIFF-APPELLEE

vs.

## KINDRED TRANSITIONAL CARE AND REHABILITATION, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-816565

**BEFORE:** McCormack, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 11, 2016

**ATTORNEYS FOR APPELLANT**

Paul W. McCartney
Bonezzi, Switzer, Polito & Hupp Co., L.P.A.
312 Walnut Street
Suite 2530
Cincinnati, OH    45202

Jennifer R. Becker
Bonezzi, Switzer, Polito & Hupp Co., L.P.A.
1300 E. 9th Street
Suite 1950
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEES**

Christopher M. Mellino
Meghan C. Lewallen
Margo Moore
The Mellino Law Firm L.L.C.
19704 Center Ridge Rd.
Rocky River, OH 44116

TIM McCORMACK, J.:

{¶1} Doris Thrasher ("Doris Thrasher" hereafter) was admitted into Kindred Transitional Care and Rehabilitation-Stratford ("appellant" hereafter) for physical rehabilitative care following a fall and hospitalization. Among the bundle of papers signed by her daughter Joanne Thrasher at the time of admission was an arbitration agreement. The arbitration agreement was not a condition for Doris Thrasher's admission to the facility.[1]

{¶2} Doris Thrasher died while in appellant's care. Subsequently, the administrator of her estate ("appellee" hereafter)[2] filed a lawsuit against appellant, claiming negligence and wrongful death.

{¶3} Appellant filed a motion to stay proceedings and compel arbitration. The trial court denied the motion. This appeal followed. Appellant raises one assignment of error, arguing the trial court erred in denying its motion to stay proceedings and compel arbitration.

{¶4} Arbitration is strongly favored as a method to settle disputes. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 700 N.E.2d 859 (1998). Ohio courts recognize a presumption for arbitration when the claim in dispute falls within the scope of the

---

[1]Section K of the arbitration agreement states: "the execution of this Agreement is not a precondition of admission * * * ."

[2]The complaint was filed by John K. O'Toole, administrator of the estate of Doris Thrasher. Plaintiff later substituted Joyce Thrasher Scott for John K. O'Toole.

arbitration provision. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 27. However, because arbitration is a matter of contract, before a party can be bound by the terms of an arbitration agreement, there must be an agreement that explicitly requires the arbitration of the parties' dispute. *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Generally, a trial court's decision to grant a stay pending arbitration is reviewed under an abuse of discretion standard. We also keep in mind that the validity of an arbitration agreement involves a mixed question of law and fact. *Corl v. Thomas & King*, 10th Dist. Franklin No. 05AP-1128, 2006-Ohio-2956, ¶ 10.

{¶5} Here, it is undisputed that mother Doris Thrasher did not execute the arbitration agreement herself. On appeal, appellant makes two arguments. Appellant argues that Doris Thrasher's daughter Joanne had actual authority to bind Doris Thrasher because she signed the arbitration agreement as Doris Thrasher's power of attorney. Appellant argues that, in the alternative, Doris Thrasher's daughter also had apparent authority to bind Doris Thrasher under agency law.

**Actual Authority**

{¶6} "The relationship of principal and agent, and the resultant liability of the principal for the acts of the agent, may be created by the express grant of authority by the principal." *Master Consol. Corp. v. BancOhio Natl. Bank*, 61 Ohio St.3d 570, 574, 575 N.E.2d 817 (1991). "Express authority is that authority which is directly granted to or conferred upon the agent or employee in express terms by the principal, and it extends

only to such powers as the principal gives the agent in direct terms * * *." (Citation omitted.) *Master Consol.* at 574.

{¶7} In arguing Doris Thrasher's daughter had actual authority to enter into the arbitration agreement, appellant points us to the following language above Doris Thrasher's daughter's signature in the arbitration agreement: "If signed by a Legal Representative, the representative certifies that the Facility may reasonably rely upon the validity and authority of the representative's signature based upon actual, implied or apparent authority to execute this Agreement as granted by the resident." Next to Doris Thrasher's daughter's signature was a handwritten abbreviation of "P.O.A." Appellant argues that, because of this language, Doris Thrasher's daughter had actual authority to sign the arbitration agreement on behalf of Doris Thrasher as her agent. In her deposition, Doris Thrasher's daughter was asked about her signing the arbitration agreement as her mother's P.O.A. She testified that she did not even recall getting the document; no one reviewed the document with her before she signed it; and she did not understand that she was binding her mother to the terms of the document.

{¶8} "A power of attorney is a written instrument authorizing an agent to perform specific acts on behalf of his principal." *Testa v. Roberts*, 44 Ohio App.3d 161, 164, 542 N.E.2d 654 (6th Dist.1988). As required by R.C. 1337.25, a power of attorney must be signed by the principal (or, in the principal's conscious presence by another individual directed by the principal to sign the principal's name on the power of attorney). It is undisputed Doris Thrasher did not grant a power of attorney to her daughter in the

manner required under R.C. 1337.25. As such, Doris Thrasher's daughter was not expressly authorized to act on Doris Thrasher's behalf. Her daughter's signature and notation of "P.O.A." had no legal effect in the absence of a statutorily valid power of attorney signed by Doris Thrasher.

{¶9} In a similar case, *Templeman v. Kindred Healthcare, Inc.*, 8th Dist. Cuyahoga No. 99618, 2013-Ohio-3738, this court found the power of attorney invalid because the power of attorney form did not contain the principal's signature, as required by the statute. This court observed that defendant Kindred Healthcare was "conversant with both the usages and the nature of the businesses of providing rehabilitative nursing health care and compelling alternative dispute resolutions," and must have been aware of the requirement of a valid power attorney. *Id.* at ¶ 24.

{¶10} In the present case, there was not even a document purporting to be a power of attorney. Appellant points to the "certification" language above Doris Thrasher's daughter's signature to show she acted as her mother's power of attorney. The daughter's "certification" that she had authority as power of attorney to enter into an arbitration agreement on her mother's behalf cannot vest her with actual authority in the absence of a statutorily valid power of attorney.

**Apparent Authority**

{¶11} On appeal, appellant raises for the first time the argument that, even if Doris Thrasher's daughter was without actual authority to enter into the arbitration agreement, she had *apparent* authority to do so.

**{¶12}** We first note that appellant based its argument before the trial court exclusively on Doris Thrasher's daughter's signature on the arbitration agreement as Doris Thrasher's power of attorney. Appellant made no argument regarding apparent authority before the trial court. We are precluded to hear a claim raised for the first time on appeal. *Jacubenta v. Cadillac Ranch*, 8th Dist. Cuyahoga No. 98750, 2013-Ohio-586, ¶ 18. Even if appellant had not waived this argument, we find the claim to be without merit.

**{¶13}** We recognize that, where one who is assuming to act as an agent for a party in the making of a contract but in fact has no actual authority to do so, such party will nonetheless be bound by the contract "'if such party has by his words or conduct, reasonably interpreted, caused the other party to the contract to believe that the one assuming to act as agent had the necessary authority to make the contract.'" *Master Consol.*, 61 Ohio St.3d at 576, 575 N.E.2d 817, quoting *Miller v. Wick Bldg. Co.*, 154 Ohio St. 93, 93 N.E.2d 467 (1950). Stated differently, where "a person of ordinary prudence, conversant with business usages, and the nature of the particular business is justified in assuming that an agent is authorized to perform on behalf of his principal a particular act, the principal is estopped from denying the agent's authority to perform it." (Citation omitted.) *Id.*

**{¶14}** For a principal to be bound by the acts of his agent under the theory of apparent agency, however, evidence must affirmatively show:

> (1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted

him to act as having such authority, and (2) that the person dealing with the agent knew of those facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority.

*Master Consol.* at syllabus. Furthermore, under an apparent-authority analysis, it is the acts of the principal, not those of the agent's, that create apparent authority. *Id.* "The principal is responsible for the agent's acts only when the principal has clothed the agent with apparent authority and not when the agent's own conduct has created the apparent authority." *Ohio State Bar Assn. v. Martin*, 118 Ohio St.3d 119, 2008-Ohio-1809, 886 N.E.2d 827, ¶ 41, citing *Master Consol.* at 576-577.

{¶15} Furthermore, the burden of proving that apparent authority exists rests upon the party asserting the agency. *Irving Leasing Corp. v. M&H Tire Co.*, 16 Ohio App.3d 191, 475 N.E.2d 127 (2d Dist.1984). Therefore, in this case it is appellant's burden to establish that Doris Thrasher's daughter had apparent authority to enter into the arbitration agreement on Doris Thrasher's behalf.

{¶16} This court was confronted with a similar fact pattern in *Lang v. Beachwood Pointe Care Ctr.*, 8th Dist. Cuyahoga No. 100109, 2014-Ohio-1238, ¶ 6, *appeal_not accepted*, 140 Ohio St.3d 1415, 2014-Ohio-3785, 15 N.E.3d 884. This court held that a nursing home resident did not cloak her stepdaughter with the requisite apparent authority to bind her to the arbitration agreement, even though her stepdaughter signed all the paperwork as part of the admission process.

{¶17} Similarly here, appellant fails to demonstrate either of the two prongs required under an apparent-authority analysis. The record shows that Doris Thrasher's

daughter handled the paperwork to have her mother admitted. Appellee points to evidence showing that Doris Thrasher was alert, cognizant, and cooperative at admission. Appellant, on the other hand, alleges Doris Thrasher suffered from dementia at the time. Whether Doris Thrasher was competent or not, there is no evidence showing she held her daughter out as possessing sufficient authority to bind her to an arbitration agreement that she knew nothing about and the existence of which was not a precondition for admission into appellant's facility. *See Lang* at ¶ 6, citing *Licata v. GGNSC Malden Dexter L.L.C.*, 466 Mass. 793, 802, 2 N.E.3d 840 (2014). Appellant has not demonstrated the first prong of the apparent-authority analysis.

**{¶18}** Under the second prong, appellant fails to prove that it, acting in good faith, had reason to believe Doris Thrasher's daughter possessed the necessary authority to bind Doris Thrasher to a matter unrelated to the admission process. Appellant's inserting "certification" clause above the signature line on the arbitration agreement and ensuring that Doris Thrasher's daughter signed her name as "P.O.A." — without explaining the import of the certification — does not reflect that appellant had a good faith belief that Doris Thrasher's daughter possessed the necessary authority to bind Doris Thrasher to the arbitration agreement. It reflects the opposite.

**{¶19}** As this court held in *Lang*, 8th Dist. Cuyahoga No. 100109, 2014-Ohio-1238, and as the Fourth District held in *Primmer v. Healthcare Indus. Corp.*, 4th Dist. Athens No. 14CA29, 2015-Ohio-4104, ¶ 26, the mere fact that a family member signed other documents as part of the admission process did not cloak the family member

with the requisite apparent authority to bind the person admitted to a facility to an arbitration agreement that he or she knew nothing about. Here, Doris Thrasher's daughter's authority was determined by the daughter's acts alone. There is nothing in the record to indicate Doris Thrasher did anything affirmatively to clothe her daughter with apparent authority to enter into the arbitration agreement. Appellant's reliance on Doris Thrasher's daughter's acts in signing all admission documents was misplaced because a claim of apparent authority cannot be based on the purported agent's acts.

{¶20} Appellant cites *Brown v. Extendicare, Inc.*, 2015-Ohio-3059, 39 N.E.3d 896 (2d Dist.), to support its claim that Doris Thrasher's daughter had apparent authority to enter into the arbitration agreement. *Brown* is fundamentally distinguishable. In that case, there were two separate admissions of the resident. In the first admission, the resident's daughter signed an admission agreement as the resident's legal representative for healthcare and financial decisions. In the second admission, *the resident herself* signed the admission agreement, which also contained a designation of her daughter as her legal representative for healthcare and financial decisions. Based on these circumstances, the Second District held that the resident herself clothed her daughter with the appearance of authority and knowingly permitted her daughter to act as agent on her behalf.

{¶21} In the present case, Doris Thrasher's name, no one else, was listed as the sole financial agent in the admission paperwork. She at no time had ever signed any document designating her daughter as her representative. There is otherwise no other

evidence showing she knowingly permitted her daughter to act with authority in matters beyond her admission into the facility. *Brown* is factually distinguishable.

**{¶22}** Based on the foregoing analysis, we conclude the trial court did not err in finding the language relative to a purported arbitration agreement was not binding on Doris Thrasher and denying appellant's motion to stay proceedings and compel arbitration.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR