[Cite as *Smith v. Rezutek*, 2024-Ohio-5599.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL SMITH,                          :

    Plaintiff-Appellant,          :

                        No.  113635

    v.                            :

PAUL REZUTEK, ET AL.,                   :

    Defendants-Appellees.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:**  November 27, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No.  CV-23-982507

---

### *Appearances:*

Michael Smith, *pro se.*

Law Office of Edward Fadel, LLC, and Edward Fadel, *for appellee* Paul Rezutek.

Law Offices of Terrence J. Kenneally & Associates Co., Kirk E. Roman, and Sean M. Kenneally; Friedman, Nemecek, Long & Grant, L.L.C., Eric F. Long, and Tyler J. Walchanowicz, *for appellee* Nicole Stengle.

EMANUELLA D. GROVES, P.J.:

{¶ 1} Plaintiff-appellant, Michael Smith ("Appellant"), appeals the trial court's denial of his request to compel arbitration. For the reasons that follow, we affirm.

**Facts and Procedural Background**

{¶ 2} This case arose from a dispute when Appellant was the Lyft driver for Paul Rezutek ("Appellee Rezutek") and Nicole Stengle ("Appellee Stengle") (collectively "Appellees"). The ride was aborted and a physical altercation ensued. As a result of the dispute, Appellant, pro se, filed a complaint against Appellees. Initially, the Appellant and his business were plaintiffs. Since the Appellant filed pro se, the trial court ordered the Appellant to amend the complaint eliminating his company. An amended complaint was filed, eliminating the business as a party. The complaint consists of 17 counts, including assault and battery, defamation, malicious criminal and civil prosecution, negligent and intentional infliction of emotional distress, intentional interference with contractual relations, and other causes of action.

{¶ 3} Appellee Rezutek filed an answer, which included admissions; denials; claims that he was without knowledge and information sufficient to form a belief as to the allegations set forth in the complaint; and 57 defenses, including but not limited to: failure to state a claim upon which relief can be granted; improper venue; failure to join a party under Civ.R. 19 or 19.1. Appellee Stengle filed an answer and counterclaim, which included admissions; denials; claims that she was

without knowledge and information sufficient to form a belief as to the allegations set forth in the complaint; 56 defenses; and five counterclaims for civil liability for criminal acts, battery, assault, and intentional infliction of emotional harm.

{¶ 4} Subsequently, Appellant filed a motion to compel arbitration and stay proceedings pending arbitration. Appellant contended that Appellees "accepted a binding arbitration agreement to resolve any dispute with him when they accepted their ride on April 2, 2023." (Motion to Compel Arbitration, Nov. 27, 2023.) Appellant argued:

> The riders had an obligation, if they had any questions about the separate agreement to ask to see such agreement, which also was made visible during the ride via tablet otherwise their accepting of the ride by the driver is obeying and accepting of the agreement which, was clearly made available as a paper copy on the back seat of the passenger seat, in front of Rezutek…. The [arbitration agreement] Terms also grant riders the freedom to opt out of arbitration within 30 days of consenting to the Terms. Rezutek and Stengle did not opt out.

*Id.* Appellees filed objections to the motion to compel arbitration. The trial court denied the Appellant's motion. This appeal filed by Appellant followed.

### Assignment of Error No. 1

The trial court erred in denying Plaintiff-Appellant Michael Smith's motion to stay proceeding and compel arbitration.

### Assignment of Error No. 2

The trial court erred in denying Plaintiff-Appellant Michael Smith's motion to stay proceeding and complete arbitration without holding an evidentiary hearing.

**Law and Analysis**

{¶ 5} "In general, an appellate court reviews a trial court's decision to grant or deny a motion to compel arbitration under the abuse of discretion standard of review. *Simmons v. Extendicare Health Services, Inc.,* 5th Dist. Delaware No. 15 CAE 12 0095, 2016-Ohio-4831. However, the issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide; therefore, the standard of review on those issues is de novo. *Id.* When the validity of an arbitration agreement is in question, the determination involves a mixed question of law and fact." *Mason v. Mason,* 2017-Ohio-5787, ¶ 9, citing *Simmons*.

{¶ 6} We address Appellant's first assignment of error because it is dispositive. Ohio law favors arbitration, but it "is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate a dispute which he has not agreed to submit to arbitration." *Dorgham v. Woods Cove III*, 2018-Ohio-4876, ¶ 16 (8th Dist.), citing *Teramar Corp. v. Rodier Corp.*, 40 Ohio App.3d 39, 40 (8th Dist. 1987). Absent an express agreement to the terms of arbitration, a party cannot be compelled to relinquish a dispute to arbitration. *Fifth Third Bank v. Senvisky*, 2014-Ohio-1233, ¶ 11 (8th Dist.), citing *Fifth Third Bank v. Rowlette*, 2013-Ohio-5777, ¶ 7 (10th Dist.), citing *Benjamin v. Pipoly*, 2003-Ohio-5666, ¶ 32 (10th Dist.); *see also Harmon v. Philip Morris, Inc.*, 120 Ohio App.3d 187, 189 (8th Dist. 1997); *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-649 (1986) ("[A]rbitration is a matter of contract and a party

cannot be required to submit to arbitration any dispute which he has not agreed so to submit . . . ."). The burden of establishing the existence of an enforceable arbitration agreement is upon the party seeking to compel arbitration. *Senvisky* at ¶ 11.

{¶ 7} However, "an analysis of whether a dispute falls within the scope of an arbitration agreement should logically follow the initial determination whether the parties ever entered into an agreement in the first place." *Mason* at ¶ 22, citing *Trinity Health Sys. v. MDX Corp.*, 2009-Ohio-417 (7th Dist.). Once the court determines the parties entered into an agreement, then the court can determine if a valid arbitration clause exists and the extent of the arbitration clause. *Trinity Health Sys.* at ¶ 31, citing *McGuffey v. LensCrafters, Inc.*, 141 Ohio App.3d 44, 51-52 (2001). When these determinations are made, and if the court finds that one or more parties may be compelled into arbitration, "only then should the court stay further proceedings pending the outcome of arbitration." *Id.*

{¶ 8} A valid contract requires "mutual assent, an offer and acceptance of the offer, and consideration." *Butcher v. Bally Total Fitness Corp.,* 2003-Ohio-1734*,* ¶ 28 (8th Dist.), citing *Nilavar v. Osborn,* 127 Ohio App.3d 1 (2d Dist. 1998). These elements must be met to have an enforceable contract, and a contract has not been formed if there is no meeting of the minds. *Id.*, citing *McCarthy, Lebit, Crystal & Haiman Co. L.P.A. v. First Union Mgt.*, 87 Ohio App.3d 613 (8th Dist. 1993). "In order to declare the existence of a contract, both parties to the contract must consent to its terms . . . ; there must be a meeting of the minds of both parties . . . ; and

the contract must be definite and certain." *Kertes Ent., L.L.C. v. Sanders*, 2021-Ohio-4308, ¶ 12 (8th Dist.), citing *Episcopal Retirement Homes v. Ohio Dept. of Indus. Relations.*, 61 Ohio St.3d 366, 369 (1991).

{¶ 9} Here, Appellant claims there was a contract between him and Appellees because they accepted the ride and the conditions of the contract were on a tablet and posted on the backseat. Appellant's assertion that the Appellees were bound to have their dispute resolved through arbitration is without merit.

{¶ 10} Appellant must have more than the acceptance of the ride to satisfy the meeting-of-the-minds element for a contract; Appellees must have expressly agreed to the terms of arbitration to be compelled to relinquish the dispute to arbitration. The placement of the conditions on a tablet with a copy posted on the back of the passenger seat does not establish the critical meeting of the minds in contract formation; acknowledgment of Appellant's method as proof of agreement would subject countless individuals to "contracts" they did not accept. Since there was no meeting of the minds, we must declare there was no arbitration agreement. Consequently, the trial court did not err in denying Appellant's motion to compel arbitration. This finding renders Appellant's second assignment of error moot.

{¶ 11} Accordingly, the trial court's decision is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR