**TRINITY HEALTH SYSTEM et al., Appellants,**

v.

**MDX CORPORATION et al., Appellees.**

[Cite as *Trinity Health Sys. v. MDX Corp.,* 180 Ohio App.3d 815, 2009-Ohio-417.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 07 JE 18.

Decided Jan. 30, 2009.

818

Bruzzese & Calabria and Frank Bruzzese Jr.; and Bricker & Eckler, L.L.P., Quintin F. Lindsmith, and Natalie Trishman Furniss, for appellants.

Mascio Law Offices and John J. Mascio; and Miles & Stockbridge P.C., Matthew S. Sturtz, and James M. Timmerman, for appellees.

———————

WAITE, Judge.

{¶ 1} This is an appeal of a judgment on the pleadings. The issue was whether certain corporations, not direct signatories to an arbitration agreement, may be bound by the agreement. The trial court determined that one of the two plaintiffs was not subject to the arbitration agreement and then stayed any further action in the case until the resolution of the arbitration, which was already in progress. Although a stay pending arbitration is expected when one party to a contract petitions the court to compel another party into arbitration, this case involved a very different situation. In this case, two nonsignatories filed a declaratory-judgment action to obtain a ruling on whether they could withdraw from an arbitration in which they were already participating. No party in this case had actually asked for a stay pending arbitration. There are outstanding issues before the trial court in order to identify whether appellants are subject to the arbitration agreement. The stay of proceedings granted by the court pending arbitration was inappropriate. The trial court's judgment is reversed in part so that the remaining issues regarding the applicability of the arbitration agreement may be resolved.

## HISTORY OF THE CASE

{¶ 2} In 1994, Ohio Valley Hospital in Steubenville entered into a services agreement allowing appellee MDX/VCH Limited Partnership to be the exclusive supplier of magnetic resonance imaging ("MRI") services for the hospital. The MRI facility was located within the hospital itself. MDX/VCH Limited Partnership consisted of two partners: appellee MDX Corporation ("MDX Corp.") and Valley Community Health, Inc. The general partner was MDX Corp. Valley Community Health, Inc., was a limited partner. The entities underwent various name changes over the next few years. Valley Community Health, Inc. changed its name to Trinity Community Health, Inc. The partnership name was later changed to MDX/TCH Limited Partnership ("MDX/TCH").

{¶ 3} In 2001, the partnership interest held by Trinity Community Health, Inc. (the limited partner) was assigned to appellant Trinity Management Services Organization ("Trinity Management"), which is now the sole limited partner. The appellees in this appeal are MDX Corp. (the general partner) and MDX/TCH (the

partnership as a whole). The sole limited partner, Trinity Management, is one of the two appellants.

{¶ 4} As mentioned above, the 1994 services agreement provided for MRI services to Ohio Valley Hospital in Steubenville. Appellant Trinity Health System later acquired Ohio Valley Hospital, and the hospital was renamed Trinity East. Trinity Health System also acquired a competing hospital in the Steubenville area called St. John's Medical Center (renamed Trinity West). Trinity Health, Trinity East, and Trinity West are all Ohio nonprofit corporations. Trinity Health System, which includes both Trinity East and Trinity West, is the second appellant and final party to this appeal.

{¶ 5} A dispute arose as to whether Trinity Health System (which had acquired Ohio Valley Hospital) was violating the 1994 exclusive services agreement by opening its own MRI facility in Trinity West. The 1994 services agreement contains an arbitration clause. Based on this arbitration clause, MDX/TCH Limited Partnership and MDX Corp. initiated arbitration proceedings against Trinity Health System for breach of contract. The arbitration proceeding also included a claim against Trinity Management for breach of partnership agreement. It is this arbitration action that prompted Trinity Health System and Trinity Management to file a declaratory-judgment action in the Jefferson County Court of Common Pleas to resolve some basic issues about the arbitration proceedings.

{¶ 6} Count one of appellants' complaint asks for declaratory relief. Trinity Health System and Trinity Management sought a declaration that neither of them is bound by any arbitration clause in any contract involving appellees. This really involves two separate claims, one by Trinity Health System in relation to the 1994 services contract between MDX/TCH Limited Partnership and Ohio Valley Hospital/Trinity East, and one by Trinity Management in relation to its partnership agreement with MDX Corp.

{¶ 7} Count two asks the court to enjoin both MDX Corp. and MDX/TCH Limited Partnership from pursuing arbitration claims against both appellants. Count two contains a request for both preliminary and permanent injunctions.

{¶ 8} Count three was brought only by Trinity Management (the limited partner) against MDX Corp. (the general partner), and alleges that MDX Corp. is misusing partnership assets to pay for legal fees in order to litigate the arbitration proceedings. Count three asks for a declaration that MDX Corp., as the general partner, cannot spend partnership assets on legal fees in furtherance of breach-of-contract claims against Trinity Management, Trinity Health System, or Trinity East.

{¶ 9} Appellees filed an answer to the complaint, but have not filed any counterclaim to compel either appellant to participate in arbitration.

{¶ 10} Appellants filed a Civ.R. 12(C) motion for judgment on the pleadings, and appellees filed a rebuttal memo opposing the motion.

{¶ 11} On March 15, 2007, the trial court granted partial judgment on the pleadings in favor of Trinity Management, but left other issues unresolved. The court enjoined appellees (the partnership and the general partner) from pursuing any arbitration claims against Trinity Management (the limited partner). It is obvious from the record that Trinity Management's involvement in this case is through its partnership agreement with MDX Corp. and that there is no arbitration clause in the partnership agreement. None of the parties appear to be raising any objections to the court's decision enjoining appellees from pursuing arbitration against Trinity Management.

{¶ 12} The trial court's partial judgment on the pleadings fails to specifically sustain or overrule the claims presented by Trinity Health System. Instead of simply overruling the remainder of the motion for judgment on the pleadings, the court ordered a stay of all further proceedings until the resolution of the arbitration case. The record contains no motion or other request for a stay of proceedings pending arbitration. The stay has the practical effect of overruling Trinity Health System's claims for injunctive relief.

{¶ 13} In a separate ruling on March 15, 2007, the trial court dismissed count three, which dealt only with a dispute involving the two partners in MDX/TCH Limited Partnership. This is the count in which Trinity Management accused MDX Corp. of using partnership assets to pay the private legal fees of MDX Corp. in the arbitration case. In dismissing this claim, the court also notified Trinity Management that if it wished to pursue a claim of illegal use of partnership assets, it must file an appropriate action.

{¶ 14} This timely appeal followed on April 12, 2007.

{¶ 15} R.C. 2711.02(C) provides that an order staying the trial of an action pending arbitration is final and appealable.

## ASSIGNMENT OF ERROR NO. 1

{¶ 16} "The trial court erred in denying the motion of Trinity Health for judgment on the pleadings where Trinity Health could not be compelled to enter into an arbitration proceeding with either of the appellees where it had no contractual relationship with either of the appellees, had never agreed to submit to binding arbitration, and objected to being named in a binding arbitration proceeding."

{¶ 17} Appellants believe that they should have been granted judgment on counts one and two of their pleadings based on appellees' admissions in their answer to the complaint. Civ.R. 12(C) allows "any party [to] move for judgment on the pleadings" after the pleadings are closed. The trial court must consider both the complaint and the answer when ruling on a Civ.R. 12(C) motion. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 569, 664 N.E.2d 931. Normally it is the defendant who files a motion for judgment on the pleadings. Thus, case law dealing with a plaintiff's Civ.R. 12(C) motion is sparse. When a defendant files such a motion, judgment in favor of the defendant is appropriate when the court "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Id. at 570, 664 N.E.2d 931.

{¶ 18} There is little case law discussing the standard of review of judgment on the pleadings initiated by the plaintiff, but presumably it would involve the same type of considerations used in resolving a defendant's motion for judgment on the pleadings: judgment in favor of the plaintiff would be appropriate if the trial court (1) construes the material allegations in the complaint and the answer in favor of the nonmoving party and (2) finds beyond doubt that the defendant could prove no set of facts to support any defense to the claims in the complaint. Essentially, a party would seek to use this procedure only when the opposing party had admitted to all the salient facts of the complaint, thereby admitting liability, and has no arguable defense. Additionally, since a motion for judgment on the pleadings necessarily means a review of all the pleadings, regardless of who filed the motion in the first place, the trial court could also dismiss the plaintiff's claims if they do not present any justiciable issues. It would seem that a plaintiff who files a Civ.R. 12(C) motion for judgment on the pleadings may suffer the unintended consequence of having its own complaint dismissed.

{¶ 19} This court has previously applied a de novo standard when reviewing a judgment on the pleadings: "Since this matter arises out of the granting of a motion for judgment on the pleadings under Civ.R. 12(C), this Court conducts a de novo review of all legal issues without deference to the determination of the trial court." *Ahmed v. Sargus,* 7th Dist. No. 03–BE–63, 2005-Ohio-2382, 2005 WL 1152471, ¶ 7.

{¶ 20} Appellants argue that they are entitled to judgment on the pleadings on all matters in counts one and two because of certain admissions that appellees made in their answer to the complaint. Appellants contend that appellees have admitted that Trinity East and West have their own separate

corporate identities distinct from Trinity Health System. Appellants also contend that appellees have admitted in their answer that Trinity Health System "acquired" the two hospitals and that this admission eliminated any possible defense to appellants' complaint. Appellants' attempt to use appellees' admissions to prove that appellants cannot be bound to the 1994 services agreement because they were not signatories of the agreement. Appellants' argument is not persuasive.

{¶ 21} No one at this stage of the proceedings has disputed the existence of, or the content of, the 1994 services agreement. That agreement was signed by Ohio Valley Hospital on October 28, 1994. Section 4.3 of the agreement states: "Any controversy or dispute involving this Agreement shall be settled by arbitration * * *." The parties do not deny that Trinity Health System acquired Ohio Valley Hospital in 1996 and changed the name of the hospital to Trinity East. Even though Trinity Health System acquired Trinity East, appellees admit that Trinity Health System and Trinity East have separate corporate existence. This admission does not compel judgment on the pleadings in favor of any of the parties. The word "acquired" is not a legal term of art within the realm of corporation law. An "acquisition" of a corporation can take many forms, each of which has distinct legal consequences. Was the acquisition the purchase of stock, or the purchase of the assets of the company, or some other type of transfer of ownership? Did that acquisition involve any merger of the boards of trustees of the not-for-profit corporations, or result in one company becoming a subsidiary, or some other variation of corporate acquisition? There is no question that a parent corporation normally has a separate legal identity distinct from its subsidiaries. *White Motor Corp. v. Kosydar* (1977), 50 Ohio St.2d 290, 296, 4 O.O.3d 451, 364 N.E.2d 252. Although all the parties seem to agree that Trinity Health System, Trinity East, and Trinity West have separate corporate identities, this says nothing about the interrelationships of the corporations or about any overlap in their corporate identities. One can admit that a parent corporation and its subsidiary have separate legal identities without making any admissions as to the practical interaction or legal relationships between the parent and the subsidiary.

{¶ 22} Appellees did not need to deny that Trinity Health System and Trinity East are separate corporate entities in order to raise a defense that certain actions taken by Trinity Health System had the effect of binding it to a contract to which it was not a signatory. A nonsignatory to an arbitration agreement may be bound by the arbitration agreement under a variety of ordinary contractual and agency related legal theories, including but not limited to estoppel, incorporation by reference, assumption, agency, veil-piercing/alter ego, and third-party beneficiary. *Javitch v. First Union Secs., Inc.* (C.A.6, 2003),

315 F.3d 619, 629, citing *Thomson–CSF, S.A. v. Am. Arbitration Assn.* (C.A.2, 1995), 64 F.3d 773, 776.

{¶ 23} Although appellees did not use the phrase "piercing the corporate veil" or "alter ego" in their answer to the complaint, this is clearly what they were alluding to in their answer.  If Trinity Health System was controlling the actions of Ohio Valley Hospital/Trinity East, the corporate veil could potentially be pierced because "the corporate form may be disregarded * * * when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 289, 617 N.E.2d 1075.

{¶ 24} Appellees' defense that Trinity Health System controls Ohio Valley Hospital/Trinity East appears to be a broad defense including more than one possible theory that might bind a nonsignatory to the terms of a contract.  The defense may include the theory that Trinity Health System is the alter ego of Ohio Valley Hospital/Trinity East, but is not necessarily limited to that theory.  Civ.R. 8(B) requires that defenses be stated in "short and plain terms," and appellees' answer satisfies this requirement.  Furthermore, pleadings should be construed so "as to do substantial justice" as stated in Civ.R. 8(F).  The exact nature of appellees' defenses cannot be made clear unless and until discovery is instituted and more is known about the actual corporate structure and practice of appellants and Ohio Valley Hospital/Trinity East.

{¶ 25} Appellants are correct that appellees may not rely on any type of estoppel defense to overcome judgment on the pleadings.  Estoppel may be raised by a signatory to a contract if the nonsignatory is attempting to enforce some aspect of the contract.  By relying on one part of a contract, the nonsignatory may be estopped from denying other parts of a contract, such as an arbitration clause.  "Under an estoppel theory, a nonsignatory who knowingly accepts the benefits of an agreement is estopped from denying a corresponding obligation to arbitrate." *I Sports v. IMG Worldwide, Inc.,* 157 Ohio App.3d 593, 2004-Ohio-3113, 813 N.E.2d 4, ¶ 13.  In this case, though, appellants have not tried to enforce or rely on any aspect of the 1994 service agreement.  They simply claim that they are not signatories to the agreement and are not bound by the arbitration clause.  Appellees argue in response that an alternative estoppel theory applies when two corporations are intimately interconnected, but this theory applies only "where a nonsignatory tries to bind a signatory to arbitration, not the reverse, i.e., where a signatory tries to bind a nonsignatory." Id. at ¶ 14.

Appellees' estoppel defense consists of a signatory trying to bind a nonsignatory to an arbitration clause. Pursuant to *I Sports,* this is not a permissible use of the estoppel defense. The fact that appellees cannot use an estoppel defense, however, does not invalidate other possible defenses that may arise out of the alleged close relationship between Trinity Health System and Ohio Valley Hospital/Trinity East.

{¶ 26} Appellants also contend that appellees were required to raise any "alter ego" or "piercing the corporate veil" theories as counterclaims and that appellees should not be permitted to argue such theories on appeal without having filed appropriate counterclaims. Appellants are incorrect. "Piercing the corporate veil" is not a cause of action in and of itself, but rather, is a legal rule or doctrine that permits a court to disregard the formal corporate structure so that individual shareholders may then be held liable for the actions of the corporation. *Belvedere Condominium Unit Owners' Assn.,* 67 Ohio St.3d at 287, 617 N.E.2d 1075. In the instant case, appellees had no need to state a counterclaim looking to compel Trinity Health System to submit to arbitration on a theory of piercing the corporate veil or alter ego. Trinity Health System has already submitted to arbitration. Appellees were required to present a defense to the claims in the declaratory-judgment action, however, so they argued that appellants controlled Ohio Valley Hospital/Trinity East to such an extent that appellants were liable under a contract containing an arbitration clause signed by Ohio Valley Hospital. Appellees did not seek any relief other than the dismissal of appellants' declaratory-judgment claims. This type of relief does not require a counterclaim.

{¶ 27} Trinity Health System was not entitled to judgment on the pleadings regarding its demand for a declaration that it was not subject to the arbitration clause. Too many factual questions remain unanswered. The trial court correctly refused to grant judgment on the pleadings to appellant Trinity Health System, and appellants' first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

{¶ 28} "The trial court erred when it issued a dispositive ruling on all three counts of the complaint, but then 'stayed' proceedings as to two of those counts, instead of entering judgment disposing of the case."

{¶ 29} Appellants argue that none of the parties requested any relief that would have required a stay of proceedings pending arbitration. Appellants contend that there was no reason to enter a stay. They argue that this case did not involve any request for a party to be compelled into arbitration under R.C. 2711.02. Instead, it was an attempt by nonsignatories to avoid arbitration. Appellants are correct. Since none of the parties sought to compel arbitration,

the trial court had no authority under R.C. 2711.02(B) to issue a stay pending arbitration.  R.C. 2711.02(B) states:

{¶ 30} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall *on application of one of the parties stay the trial of the action* until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."  (Emphasis added.)

{¶ 31} It is clear that R.C. 2711.02(B) is premised on one or more parties demanding a stay of proceedings as a corollary to a petition to compel arbitration under R.C. 2711.03.  Normally, "[t]he party aggrieved by the alleged failure of another to perform under a written agreement for arbitration" files a petition or complaint in a court of common pleas to force another party to enter arbitration.  R.C. 2711.03(A).  The court first determines whether the parties entered into an agreement: " '[A]n analysis of whether a dispute falls within the scope of an arbitration agreement should logically follow the initial determination whether the parties ever entered into an agreement in the first place.' "  *Covington v. Lucia* (2003), 151 Ohio App.3d 409, 2003-Ohio-346, 784 N.E.2d 186, ¶ 16, quoting *Duryee v. Rogers* (Sept. 23, 1999), Franklin App. No. 98–AP–1255, 1999 WL 744341, *3.  Once the court determines who the parties are and that they entered into an agreement, the court can then determine whether there is a valid arbitration clause and the extent of the arbitration clause.  *McGuffey v. LensCrafters, Inc.* (2001), 141 Ohio App.3d 44, 51–52, 749 N.E.2d 825.  After these determinations are made, and if the court finds that one or more parties may be compelled into arbitration, only then should the court stay further proceedings pending the outcome of arbitration.

{¶ 32} Here, there was no petition to compel arbitration.  Even if there had been such a petition, there are lingering questions regarding whether Trinity Health System is the alter ego of Ohio Valley Hospital/Trinity East such that it may be bound by the arbitration agreement in the 1994 services contract.  Thus, with or without a proper petition for a stay of proceedings pending arbitration, stay would not have been appropriate at this stage of the proceedings.

{¶ 33} For these reasons, appellants' second assignment of error has merit, and the trial court's two-page judgment entry filed March 15, 2007, granting a stay of further proceedings pending arbitration, is vacated in its entirety.

828

## ASSIGNMENT OF ERROR NO. 3

{¶ 34} "The trial court erred in dismissing count iii of the complaint *sua sponte*."

{¶ 35} The trial court dismissed count three of appellants' complaint because it did not state a justiciable claim in a declaratory-judgment action. The court noted that if Trinity Management wished to pursue a claim for misuse of partnership assets, it should file an appropriate action. Appellants argue that no party filed any motions regarding count three, that they were not given notice that count three might be dismissed, and that count three presents a justiciable claim. Appellants have put themselves in a difficult position regarding the dismissal of count three, since they filed the motion for judgment on the pleadings. It is true that the final page of their Civ.R. 12(C) motion asks only for judgment on counts one and two, but the remainder of the motion encompasses appellants' entire complaint. The motion begins by stating: "This motion is made pursuant to Civil Rule 12(C) and is made for the reason that Defendants' admissions set forth in their answer resolve all factual issues so that Ohio law applied to the undisputed facts should result in judgment in favor of Plaintiffs." On the face of their motion, they requested judgment on all claims, and the trial court addressed all the claims in rendering its judgment.

{¶ 36} Count three of appellants' complaint involves a monetary dispute between the partners in a limited partnership regarding the payment of attorney fees. Generally, an action by one partner against another regarding the use of partnership funds requires an accounting. The Ohio Supreme Court itself has held that "the usual and normal remedy for a breach of fiduciary duty or other legal conflict among partners is an accounting [pursuant to R.C. 1775.21]." *Dunn v. Zimmerman* (1994), 69 Ohio St.3d 304, 307, 631 N.E.2d 1040. *Dunn* went on to hold that "the prevailing view has been that an accounting is generally a prerequisite to an action at law that arises from the affairs of a partnership. This rule continues to be jurisprudentially sound because of the concern, as valid today as it was a century ago, that determining obligations between partners requires an inquiry into the full scope of the partnership business." Id. at 309, 631 N.E.2d 1040.

{¶ 37} Appellant Trinity Management requested a narrow declaration concerning a dispute with another partner regarding the use of partnership assets, but did not seek this declaration in the context of an accounting.

{¶ 38} Usually, a court may only dismiss a declaratory-judgment action when there is no controversy or justiciable issue between the parties, or when declaratory judgment will not terminate the uncertainty or controversy, pursuant to R.C. 2721.07. *AEI Group, Inc. v. Ohio Dept. of Commerce* (1990), 67

Ohio App.3d 546, 550, 587 N.E.2d 889. R.C 2721.07 states: "Courts of record may refuse to render or enter a declaratory judgment or decree under this chapter if the judgment or decree would not terminate the uncertainty or controversy giving rise to the action or proceeding in which the declaratory relief is sought." Trial courts are normally given broad latitude in determining whether to proceed with a declaratory-judgment action. *State ex rel. Dickison v. Lake Cty. Court of Common Pleas* (1971), 28 Ohio St.2d 179, 180, 57 O.O.2d 411, 277 N.E.2d 210. "[I]t must also be remembered that declaratory relief is a matter of discretion within the province of the trial court in the first instance." *Arbor Health Care Co. v. Jackson* (1987), 39 Ohio App.3d 183, 185, 530 N.E.2d 928.

{¶ 39} The trial court did not explain in any detail its basis for dismissing count three of appellants' complaint. It is clear, though, that appellants' third claim presented issues that were not particularly suited to declaratory judgment and that the trial court used its discretion to refuse to proceed with the claim. Further, the issue was clearly dismissed without prejudice, as the trial court specifically invited appellants to refile an appropriate claim. Since this particular type of dismissal is reviewed for abuse of discretion, and because there are valid reasons for refusing to resolve a narrow spending dispute between partners through a declaratory-judgment action, we find no abuse of discretion in the trial court's decision, and this assignment of error is overruled.

## CONCLUSION

{¶ 40} Appellants were not entitled to judgment on the pleadings regarding counts one and two of the complaint. Appellees presented possible defenses to the declaratory-judgment action in their answer to the complaint. Therefore, we overrule appellants' first assignment of error. The trial court erred in issuing a stay of proceedings pending arbitration when none of the parties requested such a stay. Therefore, we sustain appellants' second assignment of error. The trial court's decision to dismiss count three was within the court's discretion and is affirmed. The trial court's two-page judgment entry of March 15, 2007, granting a stay of proceedings pending arbitration, is vacated in its entirety. The trial court's one-page judgment entry dismissing count three of the complaint is affirmed. The case is remanded for further proceedings regarding counts one and two of the complaint.

Judgment accordingly.

DONOFRIO, J., concurs.

DEGENARO, J., concurs in part and dissents in part.

DeGenaro, Judge, concurring in part and dissenting in part.

{¶ 41} I concur in the majority's disposition of Trinity's first and second assignments of error. I respectfully dissent from the majority as to the third assignment of error, because the trial court sua sponte dismissed Trinity's declaratory-judgment action without prior notice to the parties. A portion of a complaint does not automatically invoke summary proceedings such as a motion pursuant to Civ.R. 12(C) or Civ.R. 12(B) simply because it requests a declaratory judgment. A declaratory-judgment action requires the same procedural safeguards as any other complaint, and a party to such an action is not afforded less due process just because the claim relates to the meaning of a law or a contract term rather than a dispute of facts. Accordingly, the trial court's separate judgment entry dismissing Trinity's request for declaratory judgment should be reversed.

{¶ 42} On March 15, 2007, the trial court issued two separate journal entries for this case. The first entry addressed appellants' motion for judgment on the pleadings and disposed of those issues as discussed in the majority opinion. The second, separate, journal entry stated that "Count III of Plaintiff's motion for Declaratory Judgment as to MDX is hereby *overruled* in the context in which the issue has been raised, in that Plaintiff's [sic] have failed to state a claim upon which relief can be granted. If Plaintiff/Trinity Management Services Organization wishes to pursue claims of illegal use of corporate or partnership assets then the Plaintiff may pursue the same in the filing of an appropriate action." (Emphasis sic.)

{¶ 43} Trinity's motion for judgment on the pleadings did not incorporate count three at any point. The face of Trinity's motion explicitly prays that the trial court "issue an order granting Plaintiffs judgment on the pleadings as to Counts I and II of the Complaint." Trinity's memorandum in support only addresses the factual and legal issues related to the first and second counts of the complaint and does not incorporate or refer to the issues of count three. Finally, in Trinity's prayer for relief at the end of its memorandum, Trinity again explicitly states that it is asking for a "judgment on the pleadings as to Counts I and II of the Complaint."

{¶ 44} Nonetheless, the trial court dismissed Trinity's request for declaratory judgment in count three for failure to state a claim upon which relief could be granted, which is the language of Civ.R. 12(B)(6). A trial court may sua sponte dismiss a claim pursuant to Civ.R. 12(B)(6) "only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799.

{¶ 45} A court's dismissal "sua sponte, and without notice to the parties is fundamentally unfair to litigants. It places the court in the role of a 'proponent rather than an independent entity.' *Franklin v. Oregon State Welfare Div.* (C.A.9, 1981) 662 F.2d 1337, 1342. Sua sponte dismissals also prejudice the appellant as they deny any opportunity to amend the complaint or otherwise respond to the alleged insufficiency." *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 383–384, 594 N.E.2d 48. See also *State ex rel. Edwards* at 108, 647 N.E.2d 799; *Wells v. Wells* (2001), 7th Dist. No. 00 BA 11, 2001 WL 1155845.

{¶ 46} There is an exception. Sua sponte dismissal without notice is acceptable when "the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288. The exception does not apply to this case. The trial court stated in its judgment entry that the declaratory-judgment action was not an appropriate action to pursue claims of illegal use of corporate or partnership assets. While this may or may not be true based on the issues specific to this case, it does not necessarily "appear beyond doubt that [Trinity] can prove no set of facts warranting relief." *State ex rel. Edwards,* 72 Ohio St.3d at 108, 647 N.E.2d 799.

{¶ 47} An accounting is generally a prerequisite to an action at law involving a partnership due to the complexity of affairs, but there are some exceptions. *Dunn v. Zimmerman* (1994), 69 Ohio St.3d 304, 307–308, 631 N.E.2d 1040. Trinity's complaint was narrowly limited, both in scope and time, which may not "require a searching inquiry into partnership affairs." Id. at 308, 631 N.E.2d 1040. Thus, count three of Trinity's complaint does not, on its face, request relief that is impossible or otherwise frivolous. Accordingly, the exception should not apply, and notice was required.

{¶ 48} None of the parties filed a motion addressing count three of Trinity's complaint. The trial court entered a pretrial judgment on count three of Trinity's complaint without providing notice or further hearing. Accordingly, the trial court's sua sponte dismissal of count three was erroneous, and Trinity's third assignment of error is meritorious. Accordingly, I would reverse the trial court's decision as to count three and remand the declaratory-judgment matter for further proceedings.