[Cite as *Mason v. Mason*, 2017-Ohio-5787.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| SCOTT A. MASON, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiffs-Appellees | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00208 |
| KATHLEEN M. MASON, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2016CV01193

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 10, 2010

APPEARANCES:

For Plaintiffs-Appellees                For Defendants-Appellants

ROBERT HANSEMAN                         BRIAN SULLIVAN
Sebaly, Shillito & Dyer                 Reminger Co., LPA
1900 Kettering Tower                    101 West Prospect Avenue
40 North Main Street                    Suite 1400
Dayton, OH 45423                        Cleveland, OH 44115

*Gwin, P.J.*

{¶1} Appellants appeal the November 1, 2016 judgment entry of the Stark County Common Pleas Court denying their motion to compel arbitration and stay pending arbitration.

*Facts & Procedural History*

{¶2} Appellee Scott Mason ("Scott") is the son of appellant Elizabeth Martin ("Elizabeth") and the brother of appellant Kathleen Mason ("Kathleen"). R.B. Mason is Scott's father. Appellee Robin Mason is Scott's daughter. On June 15, 2016, appellees filed a first amended complaint against Kathleen Mason, Elizabeth Martin, MarRon Management Corporation, LLC, Mason Family Investments, LLC, and BK Management, LLC.

{¶3} Appellees alleged the following counts: breach of fiduciary duty against Kathleen and Elizabeth; breach of fiduciary duty against MarRon Management Corporation; breach of fiduciary duty against Mason Family Investments; negligence against Kathleen and Elizabeth; gross negligence against Kathleen and Elizabeth; conversion against all defendants; breach of contract against Kathleen and Elizabeth for violation of the MarRon Management Operating Agreement; breach of contract against Kathleen for violation of the Mason Family Investments Operating Agreement; fraud against all defendants; civil conspiracy against all defendants; tortious interference with a business relationship against Kathleen, Elizabeth, and BK Management, LLC; and a declaratory judgment count requesting all agreements between BK Management and the other defendants be declared void.

{¶4} All of the defendants filed an answer to the complaint on August 5, 2016 and asserted as a defense that the claims were barred by contract provisions, including arbitration.

{¶5} The trial court held a pre-trial with the parties on August 11, 2016, and set various dates in the case, including mediation.

{¶6} On October 7, 2016, appellants filed a motion to compel arbitration and stay the proceedings pending arbitration. Appellants sought to compel arbitration of all claims. Appellants argued arbitration was mandatory due to the arbitration provision in the MarRon Management Corporation's Operating Agreement and the three-step alternative resolution procedure set forth in the Limited Partnership Agreement for MarRon Properties. Appellees filed a memorandum in opposition on October 24, 2016. On November 1, 2016, the trial court issued a judgment entry denying appellants' motion to compel arbitration.

{¶7} Appellants appeal the November 1, 2016 judgment entry of the Stark County Court of Common Pleas and assign the following as error:

{¶8} "I. THE TRIAL COURT INCORRECTLY DENIED DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION."

{¶9} In general, an appellate court reviews a trial court's decision to grant or deny a motion to compel arbitration under the abuse of discretion standard of review. *Simmons v. Extendicare Health Services, Inc.*, 5th Dist. Delaware No. 15 CAE 12 0095, 2016-Ohio-4831. However, the issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question for law for the court to decide; therefore, the standard

of review on those issues is de novo. *Id.* When the validity of an arbitration agreement is in question, the determination involves a mixed question of law and fact. *Id.*

{¶10} Appellees first argue appellants waived the right to compel arbitration by participating in a pre-trial conference and filing pleadings before filing their motion. We disagree.

{¶11} When considering the totality of the circumstances of whether a party waived the right to compel arbitration, a court may be guided by the following factors: (1) whether the party seeking arbitration invoked the jurisdiction of the court by filing a complaint, counterclaim, or third-party complaint without asking for a stay of the proceedings; (2) the delay, if any, by the party seeking arbitration to request a stay of the judicial proceedings, or an order compelling arbitration; (3) the extent to which the party seeking arbitration has participated in the litigation, including a determination of the status of discovery, dispositive motions, and the trial date; and (4) whether the nonmoving party would be prejudiced by the moving party's prior inconsistent actions. *Stoner v. Salon Lofts, LLC*, 10th Dist. Franklin No. 13AP-437, 2014-Ohio-796.

{¶12} In this case, appellants raised the issue of arbitration in their answer, but they did not immediately request a stay. However, appellants made their request approximately five months before the discovery cutoff date, before any dispositive motions were filed, over six months before the trial date, and before any depositions or written discovery responses were conducted or filed. Further, they did not file a counterclaim or third-party complaint. Upon review of the totality of the circumstances, we find appellants did not waive their right to compel arbitration.

{¶13} In support of their argument to compel arbitration, appellants cite the Limited Partnership Agreement of MarRon Properties, which contains a three-step alternative dispute resolution procedure, the last of which is mandatory arbitration. However, MarRon Properties is not a party to this case, as appellees have asserted no claims against them. Thus, we find the Limited Partnership Agreement's alternative dispute resolution inapplicable to the claims in this case.

{¶14} Appellants contend that all the claims against them should be sent to arbitration because they arise out of the same set of facts as the claims related to MarRon Management Corporation and they are intertwined. Further, that appellees cannot avoid arbitration by casting contract claims as tort claims. While we agree that parties cannot avoid arbitration by casting contract claims as tort claims, we also recognize that a tort claim does not become contractual simply because an element of proof may relate to a contract. *Jankovsky v. Grana-Morris*, 2nd Dist. Miami No. 2000-CA-62, 2001 WL 1018337 (Sept. 7, 2001).

{¶15} As to the intertwined claims theory, the Sixth Circuit held that arbitration may be compelled due to "the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract * * * and the fact that claims were intimately founded in and intertwined with the underlying obligations." *Thompson-CSF, S.A. v. American Arbitration Assn.*, 64 F.3d 773 (6th Cir. 1995); see also *Trinity Health System v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746 (7th Dist.). However, the Sixth Circuit also limited this alternate theory to situations where a non-signatory tries to bind a signatory to arbitration, not the reverse, i.e., where a signatory tries to bind a non-signatory. *Id.* Here, appellants

are signatories attempting to bind non-signatory appellees and thus the "intertwined" estoppel theory does not apply.

**{¶16}** Accordingly, the only claims that are arguably within the arbitration agreement are the claims against MarRon Management Corporation directly and the breach of contract claim against Kathleen and Elizabeth for breach of the MarRon Management Corporation Operating Agreement. We have consistently held that, if there are arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues subject to arbitration are resolved. *Litman v. HCR Manorcare, Inc.*, 5th Dist. Stark No. 2014CA00224, 2015-Ohio-2637; *Garber v. Buckeye Chrysler-Jeep-Dodge of Shelby*, 5th Dist. Richland No. 2007-CA-0121, 2008-Ohio-3553. Thus, we must determine whether the remaining claims are arbitrable.

**{¶17}** The Ohio Supreme Court has recognized Ohio's public policy favoring arbitration. *Taylor Bldg. Corp. of America v. Benfield*, 117 Ohio St.3d 352, 884 N.E.2d 12 (1998). However, arbitration is a matter of contract and, despite the strong policy in its favor, a party cannot be compelled to arbitrate any dispute that he has not agreed to submit. *Grady v. Winchester Place Nursing & Rehab. Center*, 5th Dist. Fairfield No. 08 CA 59, 2009-Ohio-3660; *Neofores v. Brandddirect Marketing, Inc.*, 5th Dist. Richland No. 02-CA-0012, 2002-Ohio-4841; *Council of Smaller Enterprises v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998). While arbitration is encouraged as a form of dispute resolution, the policy favoring arbitration does not trump the constitutional right to seek redress in court. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258.

{¶18} It is undisputed that appellees did not sign the MarRon Management Corporation Operating Agreement. Scott's father, R.B. Mason, did sign the Operating Agreement, as did Elizabeth Martin. Appellants contend the mandatory arbitration provision contained in the MarRon Management Corporation's Operating Agreement binds appellees to arbitration upon appellants' request and, even though appellees did not sign the agreement, they are bound by the theory of estoppel.

{¶19} The MarRon Management Corporation's Operating agreement provides "any dispute, controversy, or claim arising out of or connection with this Agreement or any breach or alleged breach hereof shall, upon the request of any party involved, be submitted to, and settled by, arbitration." Further, that "[s]ubject to the limits of transferability contained herein, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors, and assigns."

{¶20} Under the estoppel theory, a party who knowingly accepts the benefits of an agreement is estopped from denying a corresponding obligation to arbitrate. *Jankovsky v. Grana-Morris*, 2nd Dist. Miami No. 2000-CA-62, 2001 WL 1018337 (Sept. 7, 2001). An indirect benefit is not enough; instead the party must directly benefit. *Id.* However, when a non-signatory is bringing their own claims, not the claims of the signatory through which they are allegedly bound, the non-signatory is not bound by the terms of the agreement. See *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258 (finding where decedent signed the agreement, he agreed to arbitrate his claims against the company, whether he brought these claims during his life or after his death and thus the provision binding his "heir, successors, and

assigns" applied to these actions, but finding the decedent could not bind his beneficiaries to arbitration because their claims accrued independently for injuries they personally suffered); *McFarren v. Emeritus at Canton*, 5th Dist. Stark No. 2013CA00040, 2013-Ohio-3900; *Richmond Health Facilities v. Nichols*, 811 F.3d 192 (6th Cir. 2016). In this case, appellees are not seeking to bring claims of their father after his death, but are bringing their own claims for injuries they personally suffered.

{¶21} Further, we decline to extend the estoppel theory in this case where appellants have denied appellees are heirs of R.B. Mason and repeatedly denied that either they (appellants), or appellees, have a legal interest in MarRon Management, whose operating agreement they are attempting to enforce against appellees, either as a party, owner, or member. In their answer, appellants: deny MarRon Management has four members; deny Elizabeth, Kathleen, Scott, and David are members of MarRon Management, deny Scott is a member of MarRon Management (¶ 9), deny Scott owns interest in MarRon Properties (¶ 9), deny Robin is a partner of MarRon Properties (¶ 10); deny Kathleen is a member of MarRon Management (¶ 11); deny Kathleen owns interest in MarRon Properties (¶ 11); deny Elizabeth is a managing member in MarRon Management (¶ 12); deny that on or about April 23, 2012, R.B. Mason died and bequeathed his 50% interest in MarRon Management to his three children, Scott, Kathleen, and David, in equal shares as successors-in-interest (¶ 16); deny they are co-members of MarRon Management (¶ 48); deny they are co-members with Scott and Kathleen of MarRon Management (¶ 60, 61, 67, 73), deny Scott is a member of MarRon Management (¶ 105); and deny Kathleen and Elizabeth have knowledge of appellants' business relationships with MarRon Management (¶ 106).

**{¶22}** While a court may not rule on the potential merits of an underlying claim when deciding whether the parties have agreed to submit a particular claim to arbitration pursuant to *Council of Smaller Enterprises v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998), "an analysis of whether a dispute falls within the scope of an arbitration agreement should logically follow the initial determination whether the parties ever entered into an agreement in the first place." *Trinity Health System v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746 (7th Dist.).

**{¶23}** Upon review, we find the trial court did not err in denying appellants' motion to compel arbitration. Appellants' assignment of error is overruled. The November 10, 2016 judgment entry of the Stark County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur