[Cite as *Peabody Landscape Constr., Inc. v. Welty Bldg. Co., Ltd.*, 2022-Ohio-3565.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| PEABODY LANDSCAPE | : | Hon. W. Scott Gwin, P.J. |
| CONSTRUCTION, INC | : | Hon. William B. Hoffman, J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : |  |
|  | : |  |
| -vs- | : | Case No. 2022 CA 00023 |
|  | : |  |
| WELTY BUILDING | : |  |
| COMPANY, LTD, ET AL | : | OPINION |
| Defendants-Appellees |  |  |


CHARACTER OF PROCEEDING: Civil appeal from the Fairfield County Court of Common Pleas, Case No. 2020-CV-00332

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: October 6, 2022

APPEARANCES:

For Plaintiff-Appellant

DAVE LACKEY
153 S. Liberty Street
Powell, OH 43065

For Defendants-Appellees

MARC A. SANCHEZ
200 Public Square, Suite 3000
Cleveland, OH 44114

*Gwin, P.J.*

**{¶1}** Appellant appeals the June 8, 2022 judgment entry of the Fairfield County Court of Common Pleas denying its motion to compel arbitration.

*Facts & Procedural History*

**{¶2}** On September 11, 2020, appellant Peabody Landscape Construction, Inc. ("Peabody") filed a complaint against appellees Lancaster Properties II, LLC ("Lancaster") and Boldt Capital, LLC ("Boldt"). Peabody named Welty Building Company Ltd. ("Welty") as a defendant in the complaint; however, Welty is not a party to this appeal.

**{¶3}** The construction project at the center of this dispute is located at 2400 North Columbus Street, in Lancaster, Ohio, and is known as the FMC Health and Wellness Center. Lancaster is the owner of the FMC Health and Wellness Center construction project ("Project"). Lancaster initially contracted with Welty to construct the Project. Welty subcontracted with numerous entities to perform work on the Project, including Peabody, who it hired to install landscaping and an irrigation system. After the project was delayed, Lancaster hired Boldt to assist in completing the project

**{¶4}** Peabody alleges it complied with all of its obligations on the Project; however, Welty wrongly attempted to deduct a substantial amount from the balance due to Peabody in order to make up for excess costs that Welty incurred. Peabody states it is owed $207,634.55 for the unpaid balance due under its subcontract with Welty. That amount includes change orders performed on the Project. Peabody recorded an affidavit for mechanics' lien with the Fairfield County Recorder on October 1, 2019.

**{¶5}** Peabody asserted the following claims in its September 2020 complaint: (1) breach of contract against Welty; (2) Welty's failure to promptly pay was a violation of

R.C. 4113.61; (3) foreclosure of deposit against Lancaster/Boldt; and (4) unjust enrichment / quantum meruit against Lancaster/Boldt.

{¶6} On September 30, 2020, Welty filed a motion to stay pending arbitration pursuant to R.C. 2711.02, citing the subcontract agreement between Welty and Peabody. The subcontract provides that, "the subcontractor [Peabody] agrees that [Welty] may, in its sole discretion, elect arbitration with respect to any dispute or claim arising out of or relating to this Subcontract or the breach or performance thereof * * *."

{¶7} On October 20, 2020, Peabody and Welty filed a "stipulation to stay case pending arbitration," signed by counsel for both parties. The stipulation provides, "Welty and Peabody hereby stipulate that this motion should be granted and that this matter should be stayed pending arbitration."

{¶8} On November 12, 2021, Peabody filed a second complaint against Lancaster and Boldt. The complaint contains similar allegations as to Peabody's completion of its obligations under the subcontract with Welty. Peabody additionally cites an e-mail, allegedly sent from Boldt, that states, "you will not be back charged for Boldt help and equipment - we are looking for as much labor that Peabody can provide to finish this project successfully." Peabody alleges that, in reliance upon the promise contained in the e-mail, Peabody supplied additional labor to the Project. In turn, Boldt back-charged Welty. Welty then deducted the back-charge amount from the balance due to Peabody. Peabody asserted the following claims in the second complaint against Lancaster and Boldt: (1) indemnification; (2) promissory estoppel; (3) unjust enrichment / quantum meruit; (4) intentional and/or negligent misrepresentation; and (5) breach of contract.

{¶9} Boldt and Lancaster filed a motion for temporary relief from stay in the first case to file a motion to consolidate the cases. Welty filed a motion for temporary relief from stay to file a motion to compel arbitration, arguing that after the parties agreed to an arbitrator, Peabody refused to arbitrate on February 17, 2022. Peabody filed a combined memorandum in opposition to Welty's motion to compel and motion to compel arbitration as to Lancaster and Boldt, seeking to stay the Welty/Peabody arbitration until Boldt and Lancaster were made parties to the arbitration. Lancaster and Boldt filed a brief in opposition, arguing there was no agreement to arbitrate between Peabody and Lancaster/Boldt. Peabody filed a reply in support of the motion to compel arbitration.

{¶10} On June 8, 2022, the trial court granted Boldt and Lancaster's motion for temporary relief from stay to file a motion to consolidate; the court also granted the motion to consolidate.

{¶11} The trial court issued a separate judgment entry on June 8, 2022, ruling on Welty's motion for relief from stay to file a motion to compel arbitration and Peabody's motion to compel Lancaster and Boldt to join arbitration. With regards to Welty's motion, the trial court granted Welty's motion for leave and granted Welty's motion to compel. The trial court referenced Section 27 of the subcontract agreement between Peabody and Welty that, "[Peabody] agrees that [Welty] may, in its sole discretion, elect arbitration with respect to any dispute or claim arising out of or relating to this Subcontract or the breach of performance thereof * * *." The trial court noted that Peabody does not dispute it agreed to enter into subcontract agreement, or that it failed to attend the February 2022 arbitration. The court ordered Peabody and Welty to proceed with arbitration.

{¶12} As to Peabody's motion to compel arbitration of Lancaster and Boldt, the trial court overruled the motion. The court found that none of the exceptions to the general rule against compelling arbitration when a party has not agreed to submit to arbitration apply to the instant matter.

{¶13} Appellant appeals the June 8, 2022 judgment entry of the Fairfield County Court of Common Pleas and assigns the following as error:

{¶14} "I. THE TRIAL COURT ERRED IN FAILING TO PROCEED TO A TRIAL ON THE ISSUES SURROUNDING THE FAILURE TO PERFORM UNDER THE ARBITRATION AGREEMENT AS REQUIRED BY R.C. 2711.03(B).

{¶15} "II. THE TRIAL COURT ERRED IN REFUSING TO COMPEL NONSIGNATORIES LANCASTER/BOLDT TO PARTICIPATE IN ARBITRATION WHEN THE CONTROVERSY WAS DIRECTLY RELATED TO ACTIONS THOSE COMPANIES UNDERTOOK IN ASSUMING WELTY'S ROLE AS GENERAL CONTRACTOR UNDER THE SUBCONTRACT."

*Appellees' Motion to Dismiss*

{¶16} Appellees filed a motion with this Court to dismiss for a lack of final, appealable order. Appellees contend a judgment entry ruling on a motion to compel pursuant to R.C. 2711.03 is not a final, appealable order. Appellant filed a response, arguing a judgment entry ruling on a motion to compel pursuant to R.C. 2711.03 is a final, appealable order. Each party cited caselaw from other appellate districts in support of their arguments.

{¶17} This Court has previously addressed judgment entries denying and granting motions to compel arbitration pursuant to R.C. 2711.03 as final, appealable orders. *Rona*

*Enterprises, Inc. v. Vascoy*, 5th Dist. Perry Nos. 09CA6, 09CA8, 2010-Ohio-1836 (reversing trial court's judgment entry granting motion to compel pursuant to R.C. 2711.03); *Mason v. Mason*, 5th Dist. Stark No. 2016CA00208, 2017-Ohio-5787 (finding the trial court did not err in denying the motion to compel arbitration pursuant to R.C. 2711.03); *Church v. Fleishour Homes Inc.* (affirming in part and reversing in part trial court's denial of motion to compel arbitration pursuant to R.C. 2711.03).

{¶18} Based upon this Court's precedent, we deny appellees' motion to dismiss and address appellant's assignments of error.

I.

{¶19} Appellant first contends the trial court committed error in not conducting a trial or an oral hearing on the issue of whether appellees could be compelled to arbitrate. Appellant cites to the language contained in R.C. 2711.03.

{¶20} R.C. 2711.03 provides as follows:

(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties proceed to arbitration in accordance with the agreement.

(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall

proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue. * * *

{¶21} This Court has previously addressed the "hearing" and "trial" requirements contained in R.C. 2711.03 in *Church v. Fleishour Homes, Inc.*, 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795 (5th Dist. Stark 2007). We held that, "while a party's request for an oral hearing will be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request." *Id.* We reasoned that, "because the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution," a party "may waive rights and privileges secured by statutes, including the statutory right to a hearing conferred by R.C. 2711.03." *Id.,* citing *Sanit. Commercial Services, Inc. v. Shank*, 57 Ohio St.3d 178, 566 N.E.2d 1215 (1991). Because neither party in the *Church* case requested a trial or oral hearing, we stated, "[i]t is therefore clear the parties waived their right to a trial and an oral hearing by not requesting that the trial court conduct one and by not objecting to the manner in which the trial court proceeded to resolve the matter." *Id.;* see also *West v. Household Life Ins. Co.*, 170 Ohio App.3d 463, 2007-Ohio-845, 867 N.E.2d 868 (10th Dist. Franklin) (trial court "heard" the motion to compel via motion practice); *Nemec v. Morledge*, 8th Dist. Cuyahoga No. 110149, 2021-Ohio-3361 ("while a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request"); *Chrysler Fin. Servs. v. Henderson*, 4th Dist. Athens No. 11CA4, 2011-Ohio-6813 (trial court need not hold hearing or trial unless specifically requested); *AJZ's Hauling LLC v. TruNorth Warranty Programs of North America*, 8th Dist. Cuyahoga No. 109632, 2021-Ohio-1190 (trial court "heard" the parties for purposes of R.C. 2711.03 when the parties

thoroughly briefed the issues and neither party requested an oral hearing); *Liese v. Kent State University*, 11th Dist. Portage No. 2003-P-0033, 2004-Ohio-5322 (oral hearing not mandatory absent a request).

**{¶22}** Similarly, in this case, appellant did not request a trial or oral hearing in either its motion to compel arbitration or its reply in support of the motion. Appellees did not request a trial or oral hearing in their response. The parties fully and thoroughly briefed the issues. Pursuant to our holding in *Church*, appellant waived its right to a trial and oral hearing by not requesting one and by not objecting to the manner in which the trial court resolved the matter. Appellant's first assignment of error is overruled.

II.

**{¶23}** In its second assignment of error, appellant argues the trial court committed error in denying its motion to compel arbitration.

**{¶24}** In general, an appellate court reviews a trial court's decision to grant or deny a motion to compel arbitration under an abuse of discretion standard of review. *Simmons v. Extendicare Health Services, Inc.*, 5th Dist. Delaware No. 15 CAE 12 0095, 2016-Ohio-4831. However, the issue of whether a controversy is arbitrable under an arbitration provision of a contract is a question of law for the court to decide, therefore, the standard of review on those issues is de novo. *Id.* Thus, when the validity of an arbitration agreement is in question, the determination involves a mixed question of law and fact. *Id.*; *Mason v. Mason*, 5th Dist. Stark No. 2016CA00208, 2017-Ohio-5787.

**{¶25}** The Ohio Supreme Court has recognized Ohio's public policy favoring arbitration. *Taylor Bldg. Corp. of America v. Benfield*, 117 Ohio St.3d 352, 884 N.E.2d 12 (2008). However, arbitration is a matter of contract and, despite the strong policy in its

favor, a party cannot be compelled to arbitrate any dispute that he has not agreed to submit to arbitration. *Bunta v. Superior Vacupress LLC*, 5th Dist. Holmes No. 17CA023, 2018-Ohio-2823. This axiom "recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed to submit such grievances to arbitration." *Grady v. Winchester*, 5th Dist. Fairfield No. 08 CA 59, 2009-Ohio-3660. While arbitration is encouraged as a form of dispute resolution, the policy favoring arbitration does not trump the constitutional right to seek redress in court. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258. "Where a party resisting arbitration is not a signatory to any written agreement to arbitrate, a presumption against arbitration arises." *Council of Smaller Enterprises v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998).

{¶26} Courts have recognized limited exceptions to the rule that a person cannot be compelled to arbitrate a dispute it did not agree in writing to submit to arbitration. These theories arise from common-law principles of contract and agency, and include the following: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil piercing/alter ego; and (5) estoppel. *I Sports v. IMG Worldwide, Inc.*, 157 Ohio App.3d 593, 2004-Ohio-3113, 813 N.E.2d 4 (8th Dist. Cuyahoga).

{¶27} It is undisputed that neither Lancaster nor Boldt signed the subcontract between Welty and appellant that contains the arbitration clause at issue. Appellant contends the trial court committed error in denying its motion to compel arbitration because the facts in this case fall into one of the exceptions listed above, specifically, agency, estoppel, or third-party beneficiary. We disagree with appellant.

{¶28} Appellant first contends appellees were agents of Welty when they took over as general contractors on the project and thus, the arbitration clause in the Welty/appellant subcontract is applicable to appellees. "A party will be bound by contract in agency if such party has, by his words and conduct, reasonably interpreted, caused the other party to the contract to believe that the one assuming to act * * * had the necessary authority to make the contract." *Church v. Fleishour Homes, Inc.,* 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795 (5th Dist. 2007).

{¶29} Appellant cites the Seventh District case of *Villas Di Tuscany Condo. Assn. v. Villas Di Tuscany*, 7th Dist. Mahoning No. 12 MA 165, 2014-Ohio-776, in support of its argument. In that case, the Seventh District found the plaintiff condominium association (non-signatory) could bring claims and compel arbitration against the developer (signatory) as an agent of the condominium unit owners. *Id.* However, in this case, the non-signatory appellees are not bringing any claims against appellant, either their own claims or anyone else's. Appellees are not Welty's agents; rather, they are separate entities hired after the Project was delayed by Welty. The agency exception applies in cases where "the non-signatory [must be allowed] to invoke arbitration to avoid evisceration of the arbitration agreement between the signatories." *I Sports v. IMG Worldwide, Inc.*, 157 Ohio App.3d 593, 2004-Ohio-3113, 813 N.E.2d 4 (8th Dist. Cuyahoga). In this case, the non-signatory appellees are not attempting to invoke the arbitration clause. Accordingly, the agency exception does not apply.

{¶30} Appellant next argues the estoppel exception applies in this case because appellees knowingly took over as general contractors for the Project under the contract between appellant and Welty. Under the estoppel theory, a party who knowingly accepts

the benefits of an agreement is estopped from denying a corresponding obligation to arbitrate. *Mason v. Mason*, 5th Dist. Stark No. 2016CA00208, 2017-Ohio-5787. An indirect benefit is not enough; instead, the party must directly benefit. *Id.* However, "when a non-signatory is bringing their own claims, not the claims of the signatory through which they are allegedly bound, the non-signatory is not bound by the terms of the agreement." *Id.*, citing *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258. It is not enough that the claims "touch matters" concerning the agreement or that the claims are "dependent upon" the agreement. *Church v. Fleishour Homes, Inc.,* 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795 (5th Dist. 2007).

{¶31} First, as noted above, the non-signatories in this case are not bringing any claims. Courts have limited the estoppel exception to situations in which a non-signatory is attempting to enforce some aspect of the contract containing the arbitration clause. *Trinity Health System v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746 (7th Dist. Jefferson). The rationale is that, by relying on one portion of the contract, a non-signatory may be estopped from denying other parts of the contract such as an arbitration clause. *Id.* Here, a signatory is trying to bind non-signatories, which is "not a permissible use of the estoppel defense." *Id.*

{¶32} Further, appellant did not rely on the terms of the subcontract agreement with Welty to establish their claims against appellees. The claims appellant asserted against appellees in their November 2021 complaint (indemnification, promissory estoppel, unjust enrichment, breach of contract, negligent misrepresentation) are all based upon an e-mail allegedly sent from Boldt, not based upon the subcontract between appellant and Welty. Similarly, the claims asserted against appellees in the first complaint

(unjust enrichment/quantum meruit and foreclosure of deposit/mechanic's lien) do not rely on the terms of the subcontract agreement; rather, the complaint states that appellant provided benefits to appellees "by paying overtime to Peabody's employees at Boldt's direction," and it would be "unjust" for appellees to retain the benefits without compensating appellant.

{¶33} Appellant additionally cites the "alternate estoppel theory" in support of its argument. The alternate estoppel theory provides that arbitration may be compelled due to the "close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract * * * and the fact that claims were intimately founded in and intertwined with the underlying obligations." *Mason v. Mason*, 5th Dist. Stark No. 2016CA00208, 2017-Ohio-5787, quoting *Thompson-CSF, S.A. v. Am. Arbitration Assn.*, 64 F.3d 773 (2nd Cir. 1995). However, courts, including this Court, have limited this alternative estoppel theory to situations where a non-signatory tries to bind a signatory to arbitration, not the reverse, i.e., where a signatory tries to bind a non-signatory. *Id.;* see also *I Sports v. IMG Worldwide, Inc.*, 157 Ohio App.3d 593, 2004-Ohio-3113, 813 N.E.2d 4 (8th Dist. Cuyahoga). In this case, appellant is a signatory attempting to bind non-signatory appellees and thus the "intertwined" estoppel theory does not apply.

{¶34} Appellant next argues appellees are third-party beneficiaries of the subcontract between appellant and Welty, and thus can be compelled to arbitrate. A third party seeking to benefit from a contractual relationship need not be expressly named in the contract, but must be contemplated by the parties and be sufficiently identified. *QualChoice, Inc. v. Bhd. Ins. Co.*, 5th Dist. Stark No. 06CA00020, 2007-Ohio-226. "It

must be shown that the contract was made and entered into with the [named parties] intent to benefit the third person." *West v. Household Life Ins. Co.*, 170 Ohio App.3d 463, 2007-Ohio-845, 867 N.E.2d 868.  In the case cited by appellant in support of its argument, the third party was specifically identified throughout the contract as the sponsor of the project, and there was a "clear understanding at the time the contract was executed that defendant-appellee would become owner of the project in the near future." *Snavely Co., Inc. v. Laurel Lake Retirement Community*, 8th Dist. Cuyahoga No. 76331, 1999 WL 980646 (Oct. 28, 1999). Once the defendant became the owner of the project, it became the successor to the underlying contract, and could then avail itself of the contractual terms, including the arbitration clause.  *Id.*

{¶35}  However, this case is factually distinguishable.  Neither Lancaster nor Boldt is specifically identified in the Welty/appellant subcontract.   The non-signatories (appellees) are not attempting to enforce the arbitration agreement, and have made no claims against appellant.  There is no evidence that either Welty or appellant intended to confer any benefit to appellees in the Welty/appellant subcontract.  Further, the arbitration agreement specifically provides that only Welty, "in its sole discretion," may elect arbitration.  Even assuming appellees somehow benefited from the contract or were successors to the Welty portion of the contract, the plain language clearly provides Welty, not Peabody, had the sole discretion to elect arbitration.

{¶36} Appellant contends the trial court committed error in denying its motion because its claims against appellees "cannot be maintained without reference to the contract or relationship at issue."  However, in the case cited by appellant that utilizes this language, it was undisputed the agreement contained an arbitration provision and the

issue was whether the parties' dispute fell within the scope of the agreement. *Fries v. Greg G. Wright & Sons LLC,* 1st Dist. Hamilton No. C-160818, 2018-Ohio-3785. However, in this case, there is no written agreement to arbitrate between appellant and appellees, and the issue is whether any exceptions to the general presumption against arbitration apply, not whether the particular claims are within the scope of the parties' written agreement. *Zayiceck v. JG3 Holdings, LLC*, 8th Dist. Cuyahoga No. 109910, 2021-Ohio-1816. As detailed above, the claims made by appellant in both their first and second complaints are not dependent upon the subcontract between Welty and appellant, and exist independently of the relationship between Welty and appellant.

{¶37} We find the trial court did not commit error in concluding that none of the exceptions apply to the general rule that a court cannot compel parties to arbitrate disputes that they have not agreed in writing to arbitrate. Appellant's second assignment of error is overruled.

{¶38}  Based on the foregoing, appellant's assignments of error are overruled.

{¶39}  The June 8, 2022 judgment entry of the Fairfield County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur