[Cite as *Bunta v. Superior Vacupress L.L.C.*, 2018-Ohio-2823.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| VASILE BUNTA | : | Hon. John W. Wise, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 17CA023 |
| SUPERIOR VACUPRESS LLC, ET AL | : | |
| | : | |
| | : | OPINION |
| Defendants-Appellants | | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Homes County Court of Common Pleas, Case No. 17CV030 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 13, 2018 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendants-Appellants |
| THOMAS WHITE<br>209 N. Washington St<br>Millersburg, OH 44654 | CARI EVANS<br>3521 Whipple Avenue N.W.<br>Canton, OH 44718 |

*Gwin, P.J.*

{¶1} Appellants appeal the November 30, 2017 judgment entry of the Holmes County Court of Common Pleas denying their motion to stay proceeding and refer case to arbitration.

*Facts & Procedural History*

{¶2} On June 15, 2017, appellee Vasile Bunta filed a complaint against appellants Superior VacuPress, LLC ("VacuPress"), Firman D. Mast, Mervin D. Mast, Dennis Mast, Sr., and Superior Lumber, LLC ("Superior Lumber"). Appellee also named Commercial and Savings Bank ("CSB") as a defendant to the complaint.

{¶3} The complaint alleges Firman and appellee agreed to form VacuPress with appellee owning 34%, Firman owning 51%, and Dennis owning 15% of the company and that appellee designed the plans for electrical and gas systems for a lumber vacuum drying process. Further, that the parties obtained a capital loan from CSB. Appellee alleges VacuPress was to compensate him and Firman each $2,000 per month from the profits of the company starting in August of 2015 and $4,000 per month beginning January of 2016.

{¶4} Appellee also states in the complaint that the VacuPress operating agreement was amended and reinstated on January 1, 2016, with the following allocations of 1000 units: Mervin – 106 units; Dennis – 135 units, appellee – 300 units, and Firman – 459 units. Appellee alleges that in March of 2016, Firman told appellee he wanted appellee out of VacuPress. Further, that on August 15, 2016, Firman sent a letter to appellee seeking to liquidate and dissolve VacuPress.

{¶5} Appellee alleges that on November 1, 2016, prior to the dissolution and liquidation of VacuPress, the Mast appellants formed Superior Lumber at the same location as VacuPress and that Superior Lumber occupies and operates at the same location as VacuPress did. Appellants admit in their answer that Superior Lumber was formed on November 1, 2016; that Firman sent a letter to appellee on August 15, 2016 with a notice of intent to terminate VacuPress; and that Superior Lumber occupies and operates at the same location as VacuPress did.

{¶6} Appellee asserts the following counts in his complaint: (1) declaratory judgment against the Mast appellants and Superior Lumber determining the Mast appellants abandoned VacuPress in favor of Superior Lumber with a determination that the parties are no longer bound to the operating agreement of VacuPress; (2) a declaration that VacuPress is dissolved and requiring the Mast appellants to fully account for VacuPress; (3) accounting by VacuPress and the Mast appellants for all monies received and disbursed by them; (4) breach of fiduciary duty of the Mast appellants; (5) civil conspiracy by VacuPress, Superior Lumber, and the Mast appellants to breach the fiduciary duty owed to appellee and/or conversion of appellee's property; (6) conversion by VacuPress, Superior Lumber, and the Mast appellants; and (7) unjust enrichment by VacuPress, Superior Lumber, and the Mast appellants. Appellee requests the following relief: a declaratory judgment that appellants abandoned VacuPress and the parties are no longer bound by the operating agreement, judicial dissolution, accounting, and winding up of VacuPress, and an award of compensatory damages. Appellee does not name CSB in any of the counts, nor does he request relief from CSB. Rather, appellee only asserts that CSB "may have an interest in the subject matter of this case."

{¶7} Exhibit C to the complaint is the amended and reinstated operating agreement of VacuPress. The operating agreement states it is entered into by and between Mervin, Dennis, Firman, and appellee. Article 17 of the operating agreement is entitled "Arbitration" and Section 17.1 provides the following:

Controversies. Any controversy between the Manager or Members relating to this Agreement, the operation of the Company or the transactions contemplated hereby shall be submitted to arbitration in Millersburg, Ohio, in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect. The arbitrator or arbitrators may decide due to the nature of the dispute that the Company should be dissolved, that a winding up of the affairs should occur and that liquidation should result. In such event the provisions of Section 15 shall control.

{¶8} The operating agreement is signed by Mervin, Dennis, Firman, and appellee.

{¶9} Appellants filed an answer denying the allegations in the complaint and asserting as their first affirmative defense that the operating agreement contains a binding arbitration clause. On July 27, 2017, appellants filed a motion to stay proceedings and refer case to arbitration pursuant to R.C. § 2711.02(B). Appellants argued the claims asserted by appellee are required to be submitted to arbitration pursuant to the operating agreement.

{¶10} CSB filed a response to the motion to stay. In the response, CSB stated they believed they had been added to the case "solely as a basis of protecting and

adjudicating [their] rights as a secured party and first lien holder in the assets of Superior VacuPress, LLC and/or successors thereto in the event of a dissolution or winding up" and "no affirmative claims of wrongdoing or relief have been made by Plaintiff in regards to CSB." Thus, CSB took no position on the motion to stay other than to state it is not a signatory to the operating agreement and it is not a necessary party to arbitration.

{¶11} Appellee filed a memorandum in opposition to the motion to stay on August 9, 2017 and supplemental memorandum in opposition on November 27, 2017. Appellee argued the case could not be referred to arbitration because the case involves parties that are not parties to the operating agreement and because appellee requests declaratory judgment that appellants abandoned the operating agreement. Appellants filed a reply on November 27, 2017.

{¶12} On November 30, 2017, the trial court issued a judgment entry denying appellants' motion to stay proceeding and refer case to arbitration. The trial court found the case involved Superior Lumber and CSB, parties that are not parties to the VacuPress operating agreement. Further, that appellee requests a declaratory judgment that appellants have abandoned the operating agreement which the, "court must first determine said cause of action prior to determining whether referral to arbitration is appropriate."

{¶13} Appellants appeal the November 30, 2017 judgment entry of the Holmes County Court of Common Pleas and assign the following as error:

{¶14} "THE TRIAL COURT ERRED IN FAILING TO STAY THE LITIGATION AND REQUIRE ARBITRATION PURSUANT TO THE TERMS OF THE OPERATING AGREEMENT OF SUPERIOR VACUPRESS LLC."

{¶15} "A trial court's decision granting or denying a stay of proceedings pending arbitration is * * * subject to de novo review on appeal with respect to issues of law, which will commonly predominate because such cases generally turn on issues of contractual interpretation * * *." *Hudson v. John Hancock Fin. Servs.*, 10th Dist. Franklin No. 06AP-1284, 2007-Ohio-6997; *McFarren v. Emeritus at Canton*, 5th Dist. Stark No. 2013CA00040, 2013-Ohio-3900. Further, the "issue of whether a controversy is arbitrable under an arbitration provision of a contact is a question of law for the court to decide upon examination." *Id.; Rona Ents., Inc. v. Vanscoy*, 5th Dist. Perry Nos. 09CA6, 09CA8, 2010-Ohio-1836. In this case, both appellants and appellee agree that the trial court's determination to deny the motion to stay is reviewable under a de novo standard, as the conclusions involve legal determinations. Accordingly, we need not defer to the trial court's decision. *McFarren v. Emeritus at Canton*, 5th Dist. Stark No. 2013CA00040, 2013-Ohio-3900; *Estate of Heath v. Grange Mut. Cas. Co.*, 5th Dist. Delaware No. 02CAE05023, 2002-Ohio-5494.

{¶16} Appellants contend the trial court erred in denying their motion to stay and refer to arbitration based upon the inclusion of defendants who are not parties to the operating agreement and argue that the language of the operating agreement and R.C. 2711 require arbitration of appellee's claims against them. Appellee argues the policy favoring arbitration does not compel a party to arbitrate with parties outside the scope of the operating agreement.

{¶17} Ohio's public policy favoring arbitration is codified at R.C. Chapter 2711. Under R.C. 2711.01(A), a written arbitration clause "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any

contract." If a party moves to stay proceedings pending arbitration, pursuant to "an agreement in writing for arbitration," the court must first satisfy itself "that the issue involved in the action is referable to arbitration" under the agreement. R.C. 2711.02(B). Thus, the trial court must "determine ultimately whether an arbitration provision is enforceable" and be satisfied that that relief sought is appropriate before issuing an order to stay pending arbitration. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 800 N.E.2d 7 (2003).

{¶18} The Ohio Supreme Court has recognized Ohio's public policy favoring arbitration. *Taylor Bldg. Corp of America v. Benfield*, 117 Ohio St.3d 352, 884 N.E.2d 12 (1998). However, arbitration is a matter of contract and, despite the strong policy in its favor, a party cannot be compelled to arbitrate any dispute that he has not agreed to submit. *Grady v. Winchester Place Nursing & Rehab. Center*, 5th Dist. Fairfield No. 08 CA 59, 2009–Ohio–3660; *Neofores v. Brandddirect Marketing, Inc.*, 5th Dist. Richland No. 02–CA–0012, 2002–Ohio–4841; *Council of Smaller Enterprises v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998). This axiom "recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed to submit such grievances to arbitration." *Id.* While arbitration is encouraged as a form of dispute resolution, the policy favoring arbitration does not trump the constitutional right to seek redress in court. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007–Ohio–4787, 873 N.E.2d 1258.

{¶19} In this case, the arbitration section of the operating agreement states it applies to any controversies between the members of the agreement and the operation of VacuPress. However, the arbitration agreement clearly does not encompass Superior

Lumber, as the "company" referred to in the arbitration section of the operating agreement is VacuPress, not Superior Lumber. Thus, while appellee's claims against the Mast partners individually may be contemplated by the arbitration agreement, appellee's claims against Superior Lumber are not covered by the arbitration agreement and are beyond the scope of the operating agreement. Appellee cannot be forced to arbitrate his claims against Superior Lumber, as he did not sign an arbitration agreement with Superior Lumber.

{¶20} Appellants argues appellee cannot defeat the arbitration clause by adding an unnecessary party as a defendant. While we agree with this assertion with regards to CSB, considering the assertions made in the complaint by appellee regarding Superior Lumber, we do not agree that Superior Lumber is simply an unnecessary party defendant. Appellee alleges in his complaint that the Mast appellants created Superior Lumber before they dissolved VacuPress and alleges the Mast appellants sold or gave all the assets of Vacupress to Superior Lumber prior to the dissolution of VacuPress, leaving appellee with the debt incurred by VacuPress and utilizing the technology he designed for the electrical and gas systems for the lumber vacuum drying process in the new company, Superior Lumber. Appellants admit that Superior Lumber was formed on November 1, 2016 and occupies and operates at the same location as VacuPress did. Since Superior Lumber was formed by the same individual Mast partners who were members of VacuPress, excluding appellee, and because of the nature of the claims asserted against Superior Lumber, the resolution of the dispute with the Mast appellants will determine the issues against Superior Lumber, a party who is not subject to the arbitration agreement.

{¶21} Appellants contend since the claims against the Mast appellants are covered by the operating agreement and those against Superior Lumber are not, the case must be stayed until the conclusion of the arbitration of the claims against the Mast appellants. Appellants cite several cases in support of their argument. However, the facts in this case are distinguishable from the cases cited by appellants in which the cases with both non-arbitrable and arbitrable claims are stayed. In the cases cited by appellants, there are separate claims against separate parties who were not signatories to the arbitration agreements. In this case, the complaint contains claims against Superior Lumber, a company consisting solely of the old partners in VacuPress, excluding appellee.

{¶22} Because the claims against Superior Lumber are the same as those against the Mast appellants, the normal factors favoring arbitration, such as judicial economy and efficiency, do not apply. Further, if the claims against the Mast appellants and Superior Lumber are concluded in different forums, it may result in inconsistent decisions on the issue of liability that cannot be reconciled and the parties would not achieve a permanent resolution of their dispute. See *Wascovich v. Personacare of Ohio*, 11th Dist. Lake No. 2010-L-006, 2010-Ohio-4563; *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007–Ohio–4787, 873 N.E.2d 1258. Accordingly, the trial court did not err in denying appellants' motion based upon the inclusion of claims against Superior Lumber.

{¶23} Appellants also contend the trial court erred in denying their motion to stay based upon the trial court's decision that it must determine the declaratory judgment cause of action prior to determining whether referral to arbitration is appropriate. We disagree.

{¶24} Appellee's declaratory judgment action is against both Superior Lumber and the Mast appellants and seeks a determination that appellants abandoned VacuPress in favor of Superior Lumber and also seeks a determination that the parties are no longer bound to the operating agreement of VacuPress because appellants abandoned the operating agreement. While a court may not rule on the potential merits of an underlying claim when deciding whether the parties have agreed to submit a particular claim to arbitration pursuant to *Council of Smaller Enterprises v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998), "an analysis of whether a dispute falls within he scope of an arbitration agreement should logically follow the initial determination whether the parties ever entered into an agreement in the first place." *Trinity Health System v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746 (7th Dist.); *Mason v. Mason*, 5th Dist. Stark No. 2016CA00208, 2017-Ohio-5787. In his declaratory judgment claim, appellee essentially asserts that appellants abandoned or waived their right to arbitrate. The trial court did not make a determination as to whether appellants abandoned or waived their right to arbitrate. Accordingly, the trial court did not err in finding it must determine whether appellants' waived or abandoned their right to arbitrate prior to determining whether arbitration is appropriate.

{¶25} Based on the foregoing, we overrule appellants' assignment of error. The November 30, 2017 judgment entry of the Holmes County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, P.J.,

Wise, Earle, J., concur